IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAHENDRA PRASAD,<br><br>　　　　Defendant and Judgment Debtor.<br><br>WELLS FARGO BANK,<br>(and its Successors and Assignees)<br><br>　　　　Garnishee. | Case No.: 1:18-mc-0013-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF GARNISHMENT<br><br>ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 16, 18)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Currently pending before the Court is the United States' application pursuant to section 3205(c)(7) of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. §§ 3001, et seq., for a final order garnishing the property and accounts Mahendra Prasad ("Defendant") maintains at garnishee Wells Fargo Bank. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

## I.

## BACKGROUND

On August 14, 2017, after pleading guilty to a single count of mail fraud in violation of 18 U.S.C. § 1341, Defendant was sentenced in a criminal case <u>United States v. Mahendra Prasad</u>, no. 1:15-cr-0045-

LJO-BAM, and ordered to pay a special assessment of $100. and restitution of $328,000. in restitution.[1]
United States v. Mahendra Prasad, no. 1:15-cr-0045-LJO-BAM, (ECF Nos. 179, 181). On August 21, 2017, District Judge Lawrence J. O'Neill entered an order for forfeiture of money judgment, ordering that Defendant shall forfeit to the United States $328,000. and a personal forfeiture money judgment was entered against Defendant in that amount. Id., (ECF No. 180). On April 28, 2017, an amended judgment was entered against Defendant, as relevant here, Defendant was ordered to pay the $100. assessment and restitution of $328,000. Id., (ECF No. 182 at 6). On December 21, 2018, the underlying criminal case was transferred to the Northern District of California. Id., (ECF Nos. 198 and 199). The instant garnishment case was not transferred pursuant to the December 21, 2018 transfer order. Id., (ECF No. 198).

In a separate garnishment action, the Government was awarded restitution of $315,353.80 and a litigation surcharge of $32,740. U.S. v. Mahendra Prasad, case No. 1:18-mc-00016-LJO-SAB (E.D. Cal. July 26, 2019). The funds collected from this separate action were insufficient to satisfy the surcharge amount. (Request for Findings and Recommendations for Final Order of Garnishment ¶ 2, ECF No. 16.)

In an attempt to collect the restitution owed by Defendant, on March 19, 2018, the Government filed an application for a writ of garnishment for bank accounts at Wells Fargo Bank. (ECF No. 1.) On March 20, 2018, the writ of garnishment was entered and Wells Fargo was served with a copy of the writ. (ECF Nos. 3, 4.) On March 22, 2018, Defendant was served with 1) the application for writ of garnishment; 2) the issued writ of garnishment; 3) the clerk's notice of instructions to judgment debtor re: writ of garnishment; 4) defendant's request for hearing form (blank); 5) instructions to defendant/judgment debtor on how to claim exemptions; 6) instructions to the judgment debtor re objecting to the answer of the garnishee; 7) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and 8) a consent or decline jurisdiction of a United States magistrate judge form. (ECF No. 4.) Defendant was re-served on April 2, 2018, to include his registration number.

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of United States v. Mahendra Prasad, no. 1:15-cr-0045-LJO-BAM (E.D. Cal.).

(ECF No. 7.)  On April 6, 2018, Defendant was served with the acknowledgement of service and answer of the garnishee.  (ECF No. 8.)

Wells Fargo Bank's acknowledgement of service and answer of garnishee was filed on April 9, 2018.  (ECF No. 9.)  Wells Fargo Bank's answer identifies three accounts of which Defendant is a joint owner.  Defendant and Padma W. Khetan are the joint owners of account no. XXXXXX-7641 with a balance of 480.08; Defendant and Anand Prasad are joint owners of account no. XXXXXX-0104 with a balance of $2,415.59; and Defendant and Sarita Prasad are joint owners of account no. XXXXX-7926 with a balance of $490.59.  (ECF No. 9.)  On September 12, 2019, Sarita Prasad and Anand Prasad were served with copies of the writs and related documents and the answer and related case order.  (ECF Nos. 14, 15.)

On October 29, 2019, the Government filed the instant application for final garnishment order. (ECF No. 16.)  At the request of the Court, the Government filed supplemental briefing on November 7, 2019 addressing service on Padma W. Khetan.  (ECF Nos. 17, 18.)

The Government requests that the Court issue a final order of garnishment.  The Court, having reviewed its files and the application, recommends that the request be granted for the reasons explained below.

## II.

## DISCUSSION

The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution."  United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B)).  The Mandatory Victims Restitution Act ("MVPA") made restitution mandatory for certain crimes, including mail fraud, the crime of which Defendant was convicted.  See 18 U.S.C. §§ 1341, 3663A(a)(1), 3663A(c)(1)(A)(ii).  The MVPA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA.  Mays, 430 F.3d at 965 & n.2.  Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to

satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." 28 U.S.C. § 3205(a).

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). If a garnishment hearing is held, it is limited to the issues of (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default . . . to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

Among other things, the documents served to Defendant on March 22, 2018, and Sarita Prasad and Anand Prasad on September 12, 2019, advised them of their rights to: claim exemptions to garnishment and request a hearing on their claims; request a hearing to oppose the writ; and object to Wells Fargo Bank's acknowledgement of service and answer of garnishee and request a hearing. (ECF Nos. 4, 14, 15.) Specifically, Defendant, Sarita Prasad, and Anand Prasad were advised that they had twenty (20) days from the date they received the writ package to claim exemptions or request a hearing in opposition to this proceeding as required by 28 U.S.C. § 3202(d). (ECF Nos. 4-3, 14.) Defendant, Sarita Prasad, and Anand Prasad were also advised that they had twenty (20) days from the date Wells Fargo Bank served its answer to a file an objection to the answer and request a hearing pursuant to 28 U.S.C. § 3205(c)(5). (ECF Nos. 4-3, 14.). Defendant, Sarita Prasad, and Anand Prasad have not filed any opposition to this garnishment proceeding, nor claimed exemptions, objected to the answer or requested a hearing. Their time to do so has expired.

In response to the Court's order requesting supplemental briefing regarding service on Padma W. Khetan, the Government has filed a response demonstrating that Ms. Khetan died on March 29, 2019. (Decl. of Robin Tubesing ¶ 2, ECF No. 18.) Pursuant to the California Probate Code, "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intent." Cal. Prob. Code

§ 5302(a); See also Estate of O'Connor, 16 Cal.App.5th 159, 169 (2017) (Under California law, there is a presumption that sums remaining on deposit at the death of a party to a joint account belong to the surviving party as against the estate of the decedent which can be rebutted by clear and convincing evidence of a different intent.). The Court finds that due to Ms. Khetan's death, service on Defendant was sufficient to provide notice of the proceedings for this account.

Defendant's joint ownership of the three Wells Fargo Bank accounts are property as defined in 28 U.S.C. § 3002(12) and, therefore, are subject to garnishment. 28 U.S.C. § 3205(a).

Pursuant to 28 U.S.C. § 3205(c)(7), after the garnishee files its answer, and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the defendant's property and accounts. Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## III.

### CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      The United States' Request for Findings and Recommendations for Final Order of Garnishment be GRANTED;

2.      Garnishee Wells Fargo Bank be directed to pay the Clerk of the United States District Court the contents of Prasad's shared account numbers XXXXXX -7641 ($480.08 plus any money deposited after 4-3-2018), XXXXXX -0104 ($2,415.59 plus any money deposited after 4-3-2018), and XXXXXX -7926 ($490.59 plus any money deposited after 4-3-2018) within fifteen (15) days of the filing of the Final Order;

3.      Payment shall be made in the form of a cashier's check, money order or company draft, made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814. The criminal docket number (1:15-CR-00045-LJO-BAM) shall be stated on the payment instrument;

4.      The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

5.     This garnishment shall be terminated when the payment is deposited with the Clerk of the Court.

IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant Prasad, Sarita Prasad, and Anand Prasad and file notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 12, 2019**

UNITED STATES MAGISTRATE JUDGE